IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**ROBERT F. GEORGE,**

    **Petitioner,**

v.                                                                 Civil Action No. 1:07cv110
                                                                  (Judge Keeley)

**MIKE MARTIN,**

    **Respondent.**


## OPINION/REPORT AND RECOMMENDATION

On August 17, 2007, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 and paying the required filing fee. According to the petition, the petitioner is currently in the custody of the West Virginia Regional Jail Authorities, serving a 1-15 year sentence for Burglary and a consecutive sentence of 15 years for Robbery. In the petition, the petitioner challenges a detainer from Washington County, Pennsylvania.

On August 21, 2007, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Therefore, the respondent was directed to show cause why the petition should not be granted. On September 18, 2007, the respondent filed a Motion to Dismiss for Lack of Jurisdiction, or Alternatively, for Change of Venue. Notice was issued pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (requiring the Court to advise a *pro se* petitioner of his right to file a response to the respondent's dispositive motion and the consequences of failing to do so), and the petitioner filed a reply on October 19, 2007. In his reply, the petitioner seeks a change of venue.

          **I.**    **Factual and Procedural Background**

The petitioner was convicted in the Circuit Court of Brooke County, West Virginia, of Burglary and Robbery in the first degree. The petitioner was sentenced to consecutive terms of 1-15 years and 15 years on November 30, 2005. The petitioner is currently incarcerated at the Tygart Valley Regional Jail awaiting transfer to a Division of Corrections ("DOC") facility.

In the petition, the petitioner challenges the validity of a detainer lodged against him by the State of Pennsylvania on speedy trial grounds. The petitioner does not claim any defect in the West Virginia criminal proceedings that resulted in his present incarceration. Nor does the petitioner claim that the Pennsylvania detainer has had any adverse effect on the fact or duration of his current confinement or the conditions of his current confinement. Instead, the petitioner's sole claim in the instant petition is that authorities in Washington County, Pennsylvania, have violated his right to a speedy trial under the Interstate Agreement on Detainers Act.

## II. Analysis

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*." (Emphasis added). Generally, this means that the district court where the petitioner is incarcerated has jurisdiction over a federal habeas case. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2006). In the case of a detainer, however, "the State holding the prisoner in immediate confinement acts as agent for the demanding State," but is "indifferent to the resolution of the prisoner's attack on the detainer." Braden v. 30th Judicial Circuit Court of KY., 410 U.S. 484, 498-99. (1973). Therefore, it serves no useful purpose to require that the action be brought in the confining state. Id. at 499. In fact, the confining state "will not in the ordinary prove as convenient as the district court in the State which has lodged the detainer." Id. at n. 15. Thus, "[w]here a

2

prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum." Id. (citing 28 U.S.C. § 1404(a)).

In this case, the petitioner is in the physical custody of the West Virginia Regional Jail Authority, awaiting transfer to the West Virginia DOC. The petitioner is serving a West Virginia state conviction which he does not challenge in this proceeding. The only claim made in the instant petition is that a detainer lodged by Pennsylvania authorities is invalid. Thus, the district court in Pennsylvania would be a more convenient forum in which to litigate the petitioner's claim. Moreover, the petitioner concedes this fact as evidenced by his motion to transfer this case to the United States District Court for the Western District of Pennsylvania.

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss Petition for Lack of Jurisdiction, or Alternatively, for Change of Venue (dckt. 5) be **GRANTED in part** and **DENIED in part**. In addition, it is also recommended that the petitioner's Motion to Transfer Venue (dckt. 8) be **GRANTED** and this case be **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania for all further proceedings.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   October 24, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE